IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **GUARDION MEDICAL, LLC,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:25-cv-223 (MTT) |
| **MEDCOST BENEFIT SERVICES, LLC,**[1] | ) ) ) |
| Defendant. | ) ) |

### ORDER

Plaintiff, GuardION Medical, LLC, provides medically necessary services to patients insured under health plans administered by Defendant, MedCost Benefit Services, LLC.[2] ECF 1 ¶ 11. Defendant underpaid Plaintiff for these services, so Plaintiff sought relief via the administrative process set forth in the No Surprises Act, 42 U.S.C. § 300gg-111, for resolving such disputes. *Id.* ¶¶ 13–18. That process resulted in Independent Dispute Resolution ("IDR") awards issued against Defendant. *Id.* But Defendant has not complied with the IDR awards' payment obligations. *Id.* ¶¶ 19, 20. Consequently, Plaintiff petitions the Court to confirm the IDR awards under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9. *Id.* ¶¶ 21–25; ECF 3. Defendant moves to dismiss, arguing the No Surprises Act does not confer a private right of action to confirm an IDR award under the FAA. ECF 11; ECF 12 at 5–9.

---

[1] The complaint identifies Defendant as "Medcost Benefits Services" rather than "MedCost Benefit Services, LLC." *Compare* ECF 1 *with* ECF 11.

[2] At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv. Grp. v. FindWhat.com.*, 658 F.3d 1282, 1296 (11th Cir. 2011) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006))

This Court is not the first to address the question, and the majority of courts to have done so have held the No Surprises Act does not confer a private right of action to confirm an IDR award under the FAA. *See e.g., East Coast Advanced Plastic Surgery, LLC v. Cigna Health and Life Insurance Co.*, 2025 WL 2371537, at *17 (S.D.N.Y. Aug. 14, 2025) (collecting cases). In addition to *East Coast Advanced Plastic Surgery*, 2025 WL 2371537, at *17, the Court finds particularly persuasive the decisions by the United States Court of Appeals for the Fifth Circuit, *Guardian Flight, L.L.C. v. Health Care Serv. Corp.*, 140 F.4th 271, 275–77 (5th Cir. 2025), *cert. denied*, 2026 WL 79855 (U.S. Jan. 12, 2026), and by the United States District Court of the District of New Jersey, *Modern Orthopaedics of NJ v. Premera Blue Cross*, 2025 WL 3063648, at *9–14 (D.N.J. Nov. 3, 2025). For the reasons stated in those decisions, the Court concludes there is no private right of action under the No Surprises Act to enforce IDR awards.[3]

Nor does the FAA independently confer jurisdiction to enforce the IDR awards here. "[A]rbitration, at least under the FAA assumes an agreement or contract to arbitrate." *See Med-Trans Corp. v. Cap. Health Plan, Inc.*, 700 F. Supp. 3d 1076, 1083 (M.D. Fla. 2023) (citation modified), *aff'd sub nom. Reach Air Med. Servs. LLC v. Kaiser Found. Health Plan Inc.*, 160 F.4th 1110 (11th Cir. 2025). Plaintiff does not allege, nor does it argue, that it reached an agreement to arbitrate with Defendant. *See* ECF 1, 14.

Plaintiff argues equitable principles such as unjust enrichment and restitution provide a viable remedy even if there is no private right of action to enforce an IDR award under the No Surprises Act. ECF 14 at 17–19. But Plaintiff's complaint nowhere

---

[3] Defendant also argues the IDR process does not apply to third-party administrators like Defendant. ECF 12 at 9–11. The Court does not reach Defendant's second argument for dismissal because the Court agrees it lacks jurisdiction to enforce an IDR award.

mentions unjust enrichment or restitution, and Plaintiff has not properly requested leave to amend the complaint. ECF 1; ECF 14 at 16–19; see *Newton v. Duke Energy Fla.*, LLC, 895 F.3d 1270, 1277 (11th Cir. 2018) ("[w]here a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly." (quoting *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009))).[4]

Accordingly, the Defendant's motion to dismiss (ECF 11) is **GRANTED**. Plaintiff's Petition to Confirm Arbitration Award (ECF 3) is **DENIED**. This case is **DISMISSED** without prejudice for lack of subject matter jurisdiction.

**SO ORDERED**, this 27th day of January, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[4] Nor is it readily apparent how Plaintiff's arguments concerning vacatur and modification under the FAA have any bearing on Defendant's argument that the Court lacks subject matter jurisdiction in this case. *See* ECF 14 at 3–5. To be clear, the Court is not modifying or vacating Plaintiff's IDR awards by dismissing this case for lack of jurisdiction.